IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBRA DARDEN-MUNSELL, )
    Plaintiff )
)
vs. ) C.A.No. 10-103Erie
) District Judge McLaughlin
DUTCH MAID LOGISTICS, et al., ) Magistrate Judge Baxter
    Defendants. )

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that Defendants' partial motion to dismiss [ECF No. 21] be denied.

## II. REPORT

### A. Relevant Factual and Procedural History

On April 22, 2011, Plaintiff Debra Darden-Munsell, filed the instant lawsuit. Named as Defendants to this action are: Dutch Maid Logistics, Inc. (hereinafter, "Dutch Maid"), a corporation incorporated in Ohio, and John D. Davis, a truck driver for Dutch Maid, and also a resident of Ohio.

Plaintiff alleges that Defendant Davis, while a truck driver for Defendant Dutch Maid and while acting within the scope of his employment recklessly and negligently collided with a vehicle operated by Plaintiff's husband causing his death. Specifically, Plaintiff alleges that on

January 6, 2010, decedent was lawfully operating a vehicle in the westbound lane of Interstate 80, near Clintonville, Pennsylvania. While operating a tractor-trailer at the same time and in the same direction, Defendant Davis struck the decedent's vehicle killing him.

On April 22, 2010, Plaintiff filed the initial complaint. Before service was effectuated on that complaint, Plaintiff filed a First Amended Complaint on April 28, 2010. ECF No. 2. Defendants filed a motion to dismiss the First Amended Complaint on June 10, 2010. ECF No. 9. Without consent, Plaintiff filed a Second Amended Complaint on June 22, 2010. ECF No. 15. Defendants filed a motion to strike the Second Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure (ECF No. 17), which this Court granted on July 9, 2010.

On October 21, 2010, Plaintiff requested leave to file a Third Amended Complaint (ECF No. 18), which this Court granted and the Third Amended Complaint was filed on November 1, 2010. ECF No. 20.[1]

On November 22, 2010, Defendants filed a partial motion to dismiss. ECF No. 21. Plaintiff has filed briefs in opposition to the pending dispositive motion. ECF Nos. 23, 26. This matter is fully briefed and is ripe for disposition by this Court.[2]

### B. Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the

---

[1] This Third Amended Complaint removed a claim for punitive damages under the Wrongful Death count (Count V). In her motion for leave to file the Third Amended Complaint, Plaintiff acknowledged that, under Pennsylvania law, punitive damages are not recoverable in wrongful death suits. ECF No. 18.

[2] By Order dated January of 2011, this case was consolidated with two other cases which arise out of facts involving this same motor vehicle accident. See ECF No. 29.

complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for

enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the Twombly/Iqbal/Phillips line of cases:

> To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.'
>
> * * *
>
> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to 'show' such an entitlement with its facts. As the Supreme Court instructed in Iqbal, '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief.' This 'plausibility' requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11(3d Cir. 2009) (emphasis added) (internal citations omitted).

### C. Motion to Dismiss the punitive damage request at Count IV

Plaintiff's Third Amended Complaint seeks both compensatory and punitive damages pursuant to the Pennsylvania survival statute, 42 Pa. Cons. Stat. Ann. § 8302 (West 1995).

Under Pennsylvania law, an award of punitive damages is justified only where the plaintiff has established that the defendant acted "in an outrageous fashion due to either the defendant's evil motive or his reckless indifference to the rights of others." Phillips v. Cricket

Lighters, 883 A.2d 439, 445-46 (Pa. 2005); see also Boring v. Google Inc., 362 Fed. Appx 273, 282 (3d Cir. 2010) citing Feld v. Merriam, 485 A.2d 742, 747-48 (Pa. 1984) ("Pennsylvania law provides that a defendant must have engaged in 'outrageous' or intentional, reckless or 'malicious' conduct to sustain a claim for punitive damages."). "Ordinary negligence, involving inadvertence, mistake or error of judgment will not support an award of punitive damages." Hutchinson v. Penske Truck Leasing Co., 876 A.2d 978, 983-84 (Pa.Super. 2005) (hereinafter, "Penske Truck") citing Martin v. Johns-Manville Corp., 508 Pa. 154, 169 (1985). A punitive damages claim "must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." Hutchison v. Luddy, 582 Pa. 114, 124 (2005) (hereinafter, "Luddy") citing Martin, 508 Pa. at 170-71.

Count IV of Plaintiff's Third Amended Complaint brings claims of survivorship under the Pennsylvania Survival Act, 42 Pa.C.S. § 8302, et seq., which permits the recovery of punitive damages. See Harvey v. Hassinger, 315 Pa. Super. 97, 102 (1983). The standard for awarding punitive damages under Pennsylvania law is well-established:

> Punitive damages may be awarded for conduct that is *outrageous*, because of the defendant's evil motive or his reckless indifference to the right of others … [a]s the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct.

Luddy, 582 Pa. at 121 (emphasis added). While ordinary negligence will not support an award of punitive damages, "punitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious, or so careless as to indicate wanton disregard for the rights of the parties injured." Id. at 120 (internal citation omitted). In Young v. Westfall, a case factually similar to the case at

hand, the United States District Court for the Middle District of Pennsylvania applied the standard articulated in Luddy denying a motion to dismiss a punitive damages claim, stating: "[a]lthough the facts may later prove at most that defendants were merely negligent, discovery is necessary to help make this determination. Dismissing plaintiffs' punitive damages claim now at the pleading stage would be premature." 2007 WL 675182, at *2 (M.D. Pa. 2007).

Plaintiff has pled sufficient facts that, if proven at trial, could support the imposition of punitive damages. Under the applicable Pennsylvania law, punitive damages are proper "only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." Luddy, 582 Pa. at 121. Outrageous conduct may be "intentional, willful, or wanton," "malicious or oppressive," or "done with a bad motive or with a reckless indifference to the interests of others." Rivero v. Timblin, 2010 WL 2914400, at *2 (Pa.Com.Pl. March 16, 2010) quoting Slappo v. JU's Dev. Asso'c, Inc., 791 A.2d 409, 417 (Pa. Super. 2002), Jahanshahi v. Centura Development Inc., 816 A.2d 1179, 1188 (Pa. Super 2003), and Judge Technical Services Inc. v. Clancy, 813 A.2d 879, 889 (Pa. Super. 2002).

Here, Plaintiff has pled that Defendants acted in a reckless manner, that their actions were outrageous, and that they acted despite knowing such actions created a high risk of physical harm. Specifically, Plaintiff alleges that Defendant Davis operated his tractor-trailer improperly, that the tractor-trailer was negligently over-loaded, that Defendant Davis operated the vehicle in a state of great fatigue, having violated the fourteen-hour rule,[3] and that Defendant Davis was operating the vehicle while intoxicated in dangerous weather conditions and while on the phone.

---

[3] Federal regulations limit the amount of time drivers can drive in a day, and the amount of time they can be on duty, whether they are driving or not: a driver can drive no more than 11 cumulative hours in a day (after being off work for at least 10 consecutive hours), and whether driving or not, a driver cannot be on-duty for more than 14 consecutive hours without a mandatory break period. 49 C.F.R. § 395.3(a). These regulations are commonly referred to as the "11-hour rule" and the "14-hour rule." See also Pa. Vehicle Code § 4107(b)(2).

ECF No. 20, Third Amended Complaint, ¶ ¶ 24, 26. Further, Plaintiff alleges that Defendant Dutch Maid failed to properly train Defendant Davis, permitted him to drive despite inadequate training such that he could not control the tractor-trailer, and allowed Davis to continue driving even though Dutch Maid knew he was driving in excess of the applicable hours of service. Id. at ¶ 27. These allegations, if proven, may support a claim for punitive damages, even though Plaintiff's complaint sounds in negligence. Indeed, as Luddy establishes, claims sounding in negligence can qualify for punitive damages if the conduct engaged in is outrageous enough. Although the facts may later prove at most that Defendants were merely negligent, discovery is necessary. The Court finds that dismissing Plaintiff's punitive damages claim at this stage of the litigation would be premature.

### D. Motion to Strike Portions of Count V

Defendants move to strike portions of Count V as impertinent and immaterial. Such motions to strike are appropriately made under Rule 12(f), not Rule 12(b)(6) as Defendants have here. In ruling upon a motion to strike, just as with a motion to dismiss, the court must view the pleadings in a light most favorable to the non-moving party. In re 2TheMart.com, Inc. Sec. Litig., 114 F.Supp.2d 955, 965 (C.D. Cal. 2000). "Motions to strike are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." McInerney v. Moyer Lumber & Hardware, 244 F.Supp.2d 393, 401 (E.D. Pa. 2002).

Under Rule 12(f), a court may "strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).[4] There is "considerable overlap" between immaterial and impertinent for purposes of this analysis. Immaterial matter "is that which has no essential or important relationship to the claim for relief." Witmer v. Arthur J. Gallagher & Co., 2009 WL 2762379, at * 6 (M.D.Pa. 2009) quoting Donnelly v. Commonwealth Financial Systems, Inc., 2008 WL 762085, at *4 (M.D. Pa.). "Impertinent" statements consist of allegations that "do not pertain, and are not necessary, to the issues in question." Id. Here, Defendants use both "immaterial" and "impertinent" as the bases for the motion to strike, but seem to focus on immateriality.

Pennsylvania law does not permit punitive damages for wrongful death claims (see Harvey, 461 A.2d 814, 815 (Pa. Super. 1983); Walsh v. Strenz, 63 F.Supp.2d 548 (M.D. Pa. 1999)) and the parties acknowledge as much in their papers. However, Defendants object to Plaintiff's continued use of the words "gross negligence, and wanton and reckless misconduct" in the Third Amended Complaint (at ¶¶ 35, 38). In opposition, Plaintiff argues that the recklessness of Defendants' conduct will have an important relationship throughout discovery. This Court agrees and concludes that these words should not be stricken from the Third Amended Complaint. See Church & Dwight Co., Inc. v. SPD Swiss Precision Diagnostics, GmBH, 2010 WL 5239238, at 11 (D.N.J.) quoting Dicar, Inc. v. Stafford Corrugated Products, Inc., 2009 WL 1796053, at *3 (D.N.J.) (motions to strike "should be construed strictly against striking portions of the pleading on grounds of immateriality and if the motion is granted at all, the complaint should be pruned with care."); Tennis v. Ford Motor Co., 730 F.Supp.2d 437, 443

---

[4] Furthermore, this Court notes the recent case of Whittlestone, Inc., v. Handi-Craft Co., 618 F.3d 970, 971 (9th Cir. 2010), wherein the Ninth Circuit held "[R]ule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law."

8

(W.D. Pa. 2010) quoting Natale v. Winthrop Resources Corp., 2008 WL 2758238, at *14 (E.D. Pa. 2008) ("Striking some or all of a pleading is […] considered a drastic remedy to be resorted to only when required for the purposes of justice.").

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' partial motion to dismiss [ECF No. 21] be denied.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the Objections shall have fourteen (14) days from the date of service of the Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 2011 WL 635274, 191 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

        /s/ Susan Paradise Baxter
        SUSAN PARADISE BAXTER
        United States Magistrate Judge

Dated:  July 13, 2011